UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:18-cv-81568-JIC

LATOYA WILLIAMS,

       Plaintiff,

       v.

TREATMENT PARTNERS OF
AMERICA LLC, a Florida limited
liability company, and
SCOTT FRANKEL, individually,

       Defendants.

_____/

**PLAINTIFF'S STATEMENT OF UNCONTESTED MATERIAL FACTS
IN SUPPORT OF MOTION FOR FINAL SUMMARY JUDGMENT**

Plaintiff, LATOYA WILLIAMS, by and through undersigned counsel, and pursuant to

*Fed. R. Civ. P. 56* and *S.D. Fla. L.R. 56.1*, hereby files her Statement of Uncontested Material

Facts in Support of Motion for Final Summary Judgment, as follows:

**I.     STATEMENT OF UNCONTESTED FACTS**

1. Defendant, SCOTT FRANKEL ("Mr. Frankel") stipulates to enterprise coverage in this

   FLSA lawsuit. *See Transcript of Deposition of Scott Frankel, at D.E. 30-1, at pp.75:16-

   19.*

2. Mr. Frankel incorporated Defendant, TREATMENT PARTNERS OF AMERICA

   ("Treatment Partners"), on or about December 29, 2016. *D.E. 30-1, at pp.112:11-23.*

3.  Mr. Frankel was employed by Defendant, TREATMENT PARTNERS OF AMERICA, as its Chief Executive Officer ("CEO") from on or about January 2016 through the very end of October 2018.  *D.E. 30-1, at pp. 27-28: 20-4; pp. 34:6-7; 15-21.*

4.  Mr. Frankel was listed with the Secretary of the State of Florida Division of Corporations as managing member of Defendant, TREATMENT PARTNERS OF AMERICA, throughout 2018.  *D.E. 30-1, at pp.12:16-21.*

5.  Mr. Frankel's primary job duty as CEO at TREATMENT PARTNERS was to "oversee daily operations."  *D.E. 30-1, at pp:34:22-23.*

6.  Mr. Frankel was familiar with the various divisions at TREATMENT PARTNERS, including clinical divisions, medical divisions, and human resource divisions.  *D.E. 30-1, at pp.38:18-25.*

7.  Mr. Frankel is familiar with the policies and procedures of TREATMENT PARTNERS and how they affect the company.  *D.E. 30-1, at pp.56:21-25; pp.58:20-23; pp. 60:10.*

8.  Mr. Frankel was involved with the recruiting and hiring process at TREATMENT PARTNERS.  *D.E. 30-1, at pp.40:5-20.*

9.  Mr. Frankel also dealt directly with some of the patients that came into the facility.  *D.E. 30-1, at pp. 36:15-17.*

10. On or about October 5, 2018, Mr. Frankel sent an e-mail to Plaintiff, LATOYA WILLIAMS ("Ms. Williams"), while Mr. Frankel was still employed with Treatment Partners as its CEO, to see if Ms. Williams was interested in a job with TREATMENT PARTNERS.  *D.E. 30-1, at pp.42-43:7-22; pp.50:9-22.*

2

11. Mr. Frankel scheduled Ms. Williams for an interview at TREATMENT PARTNERS, and then, after the interview, on October 14, 2018, Mr. Frankel sent an offer of employment via e-mail to Ms. Williams. *D.E. 30-1, at pp.44-45:18-5; see, also, pp.49:7-11.*

12. Mr. Frankel assigned Ms. Williams to start her employment with TREATMENT PARTNERS on Tuesday, October 16, 2018. *D.E. 30-1, at pp.49:17-18; pp.110:19-21.*

13. When Mr. Frankel reached out to hire Ms. Williams, he still had hiring authority for TREATMENT PARTNERS. *D.E. 30-1, at pp.46:13-20.*

14. Mr. Frankel's duty as CEO of TREATMENT PARTNERS was to sign employee paychecks. *D.E. 30-1, at pp.77-78: 23-4.*

15. The owner of Defendant, TREATMENT PARTNERS, Mario Monello ("Mr. Monello") never signed paychecks on behalf of the company. *D.E. 30-1, at pp.33:15-17.*

16. Mr. Monello was not a manager of TREATMENT PARTNERS. *D.E. 30-1, at pp.34:4-5.*

17. Mr. Frankel conducted regular morning meetings with company employees, including Ms. Williams, at least three out of five days of week. *D.E. 30-1, at pp.104-105:19-3.*

18. While employed with Treatment Partners, under the supervision of Mr. Frankel, Ms. Williams worked eighty-eight (88) hours for which she did not receive any compensation. *See Declaration of Latoya Williams at D.E. 30-2.*

19. Ms. Williams submitted multiple complaints regarding the company's failure to compensate her while Mr. Frankel was still employed. *D.E. 30-2.*

20. On or about October 30, 2018, Ms. Williams and other company employees were advised that they were no longer needed at the facility and would be terminated. *D.E. 30-2.*

21. Ms. Williams again complained about the company's failure to compensate her when she was terminated. *D.E. 30-2.*

22. Ms. Williams filed her Complaint against Defendants on November 14, 2018.  *D.E. 1.*

23. Mr. Frankel has no knowledge if Ms. Williams was properly compensated her wages during her employment.  *D.E. 30-1, at pp.93:17-18.*

24. After Ms. Williams filed her lawsuit on November 14, 2018, TREATMENT PARTNERS sent a letter to employees advising them that they would be paid their wages on December 11, 2018.  *D.E. 30-1, at pp.95-96:16-4.*

25. Mr. Frankel was told by an individual named Brandon Bey that TREATMENT PARTNERS sent Ms. Williams a check in December 2018 after this lawsuit was filed.  *D.E. 30-1, at pp.74-77.*

26. Mr. Frankel has no actual knowledge as to whether Ms. Williams was ever properly paid during her employment.  *D.E. 30-1, at pp.119-120:21-4.*

27. Mr. Frankel has no actual knowledge as to whether Ms. Williams ever cashed the check that TREATMENT PARTNERS purportedly sent to her.  *D.E. 30-1, at pp.77:11-14.*

28. Mr. Frankel has no documents that demonstrate his actions (or TREATMENT PARTNER's actions) were in good faith or that they had reasonable grounds for believing that they were in compliance with the FLSA.  *See Frankel's Response to Plaintiff' First Request for Production No. 16, at D.E. 30-3.*

29. Ms. Williams is owed and entitled to recover at least $638.00 in unliquidated damages.  *D.E. 30-2.*

30. Mr. Frankel has no actual knowledge of the date on which he stopped working for TREATMENT PARTNERS.  *D.E. 30-1, pp.71:21-22.*

**Dated this 12th day of April, 2019.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS -
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
(954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
jordan@jordanrichardspllc.com
melissa@jordanrichardspllc.com
jake@jordanrichardspllc.com
jill@jordanrichardspllc.com
stephanie@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing motion was served on all parties listed

below via the CM/ECF on April 12, 2019.

*/s/ Jordan Richards, Esq.*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST:

**SCOTT L. CAGAN, ESQUIRE**
Florida Bar No. 822681
Scott.cagan@gray-robinson.com
**THOMAS LOFFREDO, ESQUIRE**
Florida Bar No. 870323
Tom.loffredo@gray-robinson.com
GRAY | ROBINSON, P.A.
401 East Las Olas Blvd. Suite 1000
Fort Lauderdale, Florida 33301
Ph: (954) 761-8111
*Counsel for Defendant, Scott Frankel*

5