UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:18-cv-81568-JIC

LATOYA WILLIAMS,

     Plaintiff,

v.

TREATMENT PARTNERS OF
AMERICA LLC, a Florida limited
liability company, and
SCOTT FRANKEL, individually,

     Defendants.

_____/

### PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT
### AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiff, LATOYA WILLIAMS, (hereinafter collectively referred to as "Plaintiff") by and through undersigned counsel, and pursuant to *Fed. R. Civ. P. 56,* and *S.D. Fla. L.R. 56.1,* hereby files her Motion for Final Summary Judgment and Incorporated Memorandum of Law in Support Thereof, as follows:

### I.    SUMMARY JUDGMENT

#### a.  Standard of Review Under *Fed. R. Civ. P. 56*

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admission on file show that there is no genuine issue as to any material fact the moving party is entitled to summary judgment as a matter of law.  *See, e.g.,* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); *see, also,* Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); *Fed. R. Civ. P. 56.*  Once a party has moved for summary judgment,

Fed. R. Civ. P. 56(e) requires the nonmoving party to go beyond the pleadings and submit his own affidavits, depositions, answers to interrogatories, or admissions on file, to designate specific facts showing that there is a genuine issue for trial. *See, e.g.,* Celotex Corp., 477 U.S. at 324. A party defending against summary judgment has the burden of responding to evidence with "relevant and admissible evidence sufficient to rebut." *See, e.g.,* Gregory v. Quality Removal, Inc., 2014 WL 5494448 at *3 (S.D. Fla. 2014) *citing* Scott v. K.W. Max Investments, Inc., 256 Fed. Appx. 244, 247 (11th Cir. 2007). But issues of material fact cannot be created by conclusory allegations. *See, e.g.,* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A mere scintilla of evidence, self-supporting evidence, and evidence that is not admissible at trial is not enough to defeat summary judgment. *See, e.g.,* Anderson, 477 U.S. at 242. Moreover, where a subsequent affidavit is inconsistent with a prior sworn deposition, the Court shall disregard the affidavit. *See, e.g.,* Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1537 (11th Cir. 1987).

## II.     MEMORANDUM OF LAW

### a.  FLSA Coverage

In order to be eligible for FLSA minimum wage, an employee must first demonstrate that she is "covered" by the FLSA. *See, e.g.,* Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011). On March 28, 2019, Defendant, SCOTT FRANKEL (hereinafter "Frankel"), **stipulated** to FLSA coverage in this case. *SUF ¶1.* Accordingly, Ms. Williams is "covered" by the FLSA as a matter of law and is entitled to federally mandated minimum wages during her employment.

### b.  Individual Liability as to Defendant Scott Frankel

Once an entity's liability is established in an FLSA case, the FLSA allows for liability to extend to certain individuals associated with that entity. *See, e.g.,* Toledo v. Vioss Vision, Inc.,

2019 WL 656215 at *2 (S.D. Fla. 2019)[1] *citing* Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008). To support individual employer liability under the FLSA, there must be control over "significant aspects of the company's day-to-day functions, including compensation of employees or other matters in relation to an employee." *See, e.g.,* Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008). Whether an individual falls within the definition of "employer" under the FLSA depends not on technical or isolated factors, but on the circumstances of the whole activity. *See, e.g.,* Lamonica v. Safe Hurricane Shutters, Inc., 2011 WL 13173035 at *4 (S.D. Fla. 2011) (Judge Cohn) *citing* Alvarez Perez, 515 F.3d at 1160. Typically, employees who have been deemed to be "employers" under the FLSA are owners **or** managers. *See, e.g.,* Howard v. Second Chance Jai Alai, LLC, 2016 WL 3349022, at *8 (M.D. Fla. 2016), *reconsideration denied,* 2016 WL 3883188. The Eleventh Circuit Court of Appeals has also recognized that "the overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally under the FLSA for unpaid wages." *See, e.g.,* Davison v. Amigos Tacqueria LLC, 2013 WL 12131317 at *2 *citing* Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir. 1986); *see, also,* Toledo, 2019 WL 656215 at *2. For an officer to have operational control, he "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.; see also* Torres v. Rock & River Food, Inc., 244 F. Supp. 3d 1320, 1332 (S.D. Fla. 2016) (operational controls means management of the day-to-day business functions such as employee compensation, direct responsibility for supervision of employees, or general operations) *citing* Baltzley v. Berkley Grp., Inc., 2010 WL

---

[1] Toledo, 2019 WL 656215 at*2, is procedurally analogous to the present case. *Id.* There, a default judgment was entered against the corporate defendant and the Court adjudicated individual liability at the summary judgment stage of the proceedings. *Id.*

505104, at *2 (S.D. Fla. 2010). Relevant control for purposes of individual liability is control in relation to the employee-plaintiff. *See, e.g.,* Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299 (11th Cir. 2013); *see also* Toledo, 2019 WL 656215 at *3 (Judge Cooke held that individual defendant was personally liable for FLSA violations because he assigned projects, monitored activities, and signed paychecks). Control need not be continuous, but it must be both substantial and related to the company's FLSA obligations. *Id.* Even occasional control of the day-to-day business operations or employee supervision is sufficient to bring an individual under the FLSA definition of an employer. *Id. citing* Baltzley, 2010 WL 3505104, at *3 *citing* Olivas v. A Little Havana Check Cash, Inc., 324 Fed. Appx. 839, 845-46 (11th Cir. 2009); *see also* Donovan v. Janitorial Servs., Inc., 672 F.2d 528, 531 (5th Cir. 1982) (stating that occasional control does not diminish the significance of the existence of such control).

In Lamonica, 2011 WL 13173035, this Honorable Court awarded the plaintiff summary judgment on the issue of individual employer liability where there was no dispute that the individual defendant was a supervisor involved in the day-to-day operation of the Defendant corporation, and was directly responsible for the supervision of plaintiff. *Id.*

Similarly, in Toledo, 2019 WL 656215, Judge Cooke granted summary judgment to the plaintiff in an FLSA case on the issue of individual employer liability. *Id.* There, Judge Cooke entered a final default judgment against the corporate Defendant, which left only the issue of personal liability on the part of the individual defendant. *Id.* Judge Cooke held the individual defendant personally liable as a matter of law because the individual defendant "assigned projects . . . monitored and managed . . . activities, and signed checks." *Id.*

Here, a clerk entry of default judgment was entered against Treatment Partners on January 29, 2019. *D.E. 15.* Plaintiff has moved for a final default judgment against Treatment Partners.

*D.E. 27.* Mr. Frankel concedes that he incorporated Treatment Partners on or about December 29, 2016. *SUF ¶2.* Mr. Frankel was CEO for Treatment Partners during all pertinent time periods of Ms. Williams' employment and his primary job duty was to "oversee daily operations." *SUF ¶3, 5.* The Florida Secretary of State Division of Corporations annual report for Treatment Partners lists Mr. Frankel as managing member of Treatment Partners during all of 2018 – the time period in which Ms. Williams worked for the corporate defendant. *SUF ¶4.* Mr. Frankel contacted Ms. Williams regarding a job opportunity with Treatment Partners on October 5, 2018. *SUF ¶10.* Mr. Frankel interviewed Ms. Williams and Mr. Frankel ultimately made the decision to hire Ms. Williams to work for Treatment Partners on October 14, 2018. *SUF ¶11.* Mr. Frankel sent Ms. Williams the offer of employment and assigned Ms. Williams to start employment on October 16, 2018. *SUF ¶12.* Accordingly, there is no dispute whatsoever that Mr. Frankel had **hiring and firing authority** over Ms. Williams as the CEO of Treatment Partners. Furthermore, Mr. Frankel had authority to sign (and actually did sign) employee paychecks during all material times of Ms. Williams' employment with the company. *SUF ¶14.* There is no dispute that Mr. Frankel had the sufficient decision-making authority over operations of the company for him to be liable under the FLSA for failure to properly compensate Ms. Williams the proper wages during her employment. Ms. Williams complained that she was not properly paid in accordance with the FLSA ***when Mr. Frankel was still CEO of the company***. *SUF ¶19.* Accordingly, Mr. Frankel is individually liable for these violations of federal law.

While Mr. Frankel may contend that his subsequent termination from the company precludes his individual liability under the FLSA, Mr. Frankel is unable to identify the actual date of his termination and has no documentation that could reveal his purported date of termination. *SUF ¶30.* Mr. Frankel **does not dispute** that he hired Ms. Williams, **does not dispute** that he

5

signed paychecks for Treatment Partners, and **does not dispute** that he was still employed as CEO of Treatment Partners during the time period in which Ms. Williams performed work for which she was not compensated.   These uncontested material facts establish that Mr. Frankel is irrefutably liable as an individual employer under the FLSA as a matter of law.

### c.   Defendants Failed to Properly Compensate Plaintiff

Plaintiff performed eighty-eight (88) hours of work for Defendants during her employment for which she did not receive payment.  *SUF ¶18.*  Plaintiff complained about the Defendants' failure to pay her on multiple occasions while she was still employed.  *SUF ¶19.*  Then, on October 30, 2018, Defendants advised Plaintiff and all other employees that their services were no longer needed at the facilities.  *SUF ¶20.*  After Plaintiff finished her final week of work, and it became apparent that Defendants were not going to compensate their employees, Plaintiff retained the undersigned law firm to help her recover her hard-earned wages.  Plaintiff filed her Complaint against Defendants on November 14, 2018.  *D.E. 1.*   Based on the eighty-eight (88) hours of uncompensated work she performed for Defendants, the Plaintiff is entitled to unliquidated damages in the amount of $638.00.  *SUF ¶29.*

### d.   Treatment Partner's Attempt to Compensate Plaintiff After the Filing of this Lawsuit Does Not Moot Plaintiff's Claims

An employer undertakes the private resolution of an FLSA dispute at his own peril.  *See, e.g.,* Fefel v. Silver Tree Residential, LLC, et. al., 2018 WL 6267944 at *3 (S.D. Fla. 2018) *citing* Dees v. Hydradry, Inc., 706 F.Supp.2d 1227, 1237 (M.D. Fla. 2010).  Any attempt by Defendants to secure a waiver of FLSA rights without the Department of Labor or the Court is ineffective.  *Id. citing* Barrentine v. Arkansas-Best Freight System, 450 U.S. 728, 740 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purpose' of the statute and thwart the legislative policies it was designed to effectuate").  Generally, a plaintiff cannot

waive her right to liquidated damages in an FLSA settlement when there is no genuine dispute about whether she is entitled to them. *See, e.g.,* Silva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir. 2009) ("FLSA provisions are mandatory; the provisions are not subject to negotiation or bargaining between employer and employee").

Here, Frankel contends (through nothing more than the inadmissible hearsay of a non-party) that Treatment Partners sent an envelope to Plaintiff in December 2018, **after** this lawsuit was filed. *SUF ¶25.* Frankel further contends (through inadmissible hearsay) that a check for Plaintiff was inside of this envelope. *SUF ¶25.* Even if the Court considers this hearsay testimony[2] (which it should not), there is no evidence whatsoever that Plaintiff ever cashed this check. *SUF ¶¶26-27.* Moreover, Treatment Partner's mere delivery of this check to Plaintiff does not moot Plaintiff's FLSA claims against Frankel (or Treatment Partners). *See, e.g.,* Fernandez v. Andy Iron Works, Inc., 2014 WL 3384701 at *2 (S.D. Fla. 2014).

In Fernandez, 2014 WL 3384701 at *2, the defendant sent a check for full tender to the plaintiff **after** the lawsuit was filed and then argued for dismissal of the claim. *Id.* Judge Goodman held that "Defendants' effort to drive this case out of federal court, while strategically impressive, cannot succeed." *Id.* The Court further held that "Defendants cannot simply pay the full claim, including liquidated damages, and in so doing, avoid liability altogether for Plaintiff's attorney's fees and costs . . ." *Id.* Settlement offers, even those for the full amount of allowable damages, do not extinguish a live controversy and thereby deprive the court of subject matter jurisdiction. *See, e.g.,* Fernandez, 2014 WL 3384701 at *3 *citing* Zinni, 692 F.3d at 1164; *see, also,* Manley v. RSC Corp., 2014 WL 3747695 (M.D. Fla. 2014) *citing* Fernandez, 2014 WL 3384701 at *3.

---

[2] Evidence that is not admissible at trial is not enough to defeat summary judgment. *See, e.g.,* Anderson, 477 U.S. at 242

But even if Plaintiff had deposited the check purportedly sent to her by Treatment Partners, this too would not moot her claim arising under the FLSA. *See, e.g.,* Zelaya v. Cargo Logistics Group USA LLC, 2017 WL 283259 at *3 (S.D. Fla. 2017) *citing* Wolff v. Royal Am. Mgmt., Inc., 545 Fed. Appx. 791, 793 (11th Cir. 2013) (Employee's acceptance of a settlement check from her employer did not strip the former employee of her statutory right to recover attorney's fees and costs under the FLSA or render her FLSA claim moot).  Allowing defendants to evade paying attorney's fees and costs would frustrate the FLSA's goal of fully compensating wronged employees. *See, e.g.,* Zelaya, 2017 WL 283259 at *3 *citing* Silva v. Miller, 307 Fed Appx. 349, 351 (11th Cir. 2009) ("The language of the statute contemplates that the wronged employee should receive full wages plus the penalty without incurring any expense for legal fees or costs"); Hall v. Florida Home-Improvement Associates, Inc., 2015 WL 12550755 at *1 (S.D. Fla. 2015) (Judge Cohn held that an attempt to mitigate litigation expenses by tendering amounts due under the FLSA without an accompanying offer of judgment does not moot FLSA claims) *citing* Wolff, 545 Fed. Appx. 791 (11th Cir. 2013); Manley, 2014 WL 3747695 (M.D. Fla. 2014) (Tender of wages without offer of judgment does not moot FLSA claims).

Plaintiff is entitled to summary judgment on these issues against Frankel.

### e.   **Intentional/Willful Violations Under the FLSA**

It is well settled that where there has been a finding that an employer violated the FLSA, the court "generally must award a plaintiff liquidated damages that are equal in amount to actual damages." *See, e.g.,* Panico v. YGSL Holdings LLC, 2013 WL 28376 at *5 (S.D. Fla. 2013)[3] *citing* Lewis v. Keiser Sch., Inc., 2012 WL 4854724, at *5 (S.D. Fla. 2012); Wajcman v.

---

[3] In Panico, 2013 WL 28376 at *5, Your Honor granted plaintiff summary judgment on the issue of liquidated damages where the defendant failed to provide anything other than a general denial that the plaintiff was not entitled to liquidated damages. *Id.*

Investment Corp. of Palm Beach, 620 F.Supp.2d 1353, 1358 (S.D. Fla. 2009) *citing* Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1272 (11th Cir. 2008).  However, the law provides a safe harbor for an employer who can establish that it acted in good faith and under the reasonable belief that it was in compliance with the FLSA.  *Id; see, also,* Joiner v. City of Macon, 814 F.2d 1537, 1538 (11th Cir. 1987) ("liquidated damages are mandatory absent a showing of good faith").  Good faith requires "some duty to investigate potential liability under the FLSA."  *See, e.g.,* McGuire v. Hillsborough County, FL, 511 F. Supp. 2d 1211, 1214 (M.D. Fla. 2007) *quoting* Friedman v. South Florida Psychiatric Associates, Inc., 139 Fed. Appx. 183, 185-86 (11th Cir. 2005).  To satisfy the good faith requirement, an employer must show that it acted with both subjective and objective good faith, and upon such reasonable grounds that it would be unfair to impose upon it more than a compensatory verdict.  *See, e.g.,* Bozeman v. Port-O-Tech Corp., 2008 WL 4371313, at *15 (S.D. Fla. 2008).  To demonstrate the subjective component, an employer must show that it had "an honest intention to ascertain what the FLSA requires and to act in accordance with those requirements."  *See, e.g.,* Feniger v. Café Aroma, 2007 WL 853735, at *3 (M.D. Fla. 2007) *citing* Dybach v. State of Fla. Dept. of Corr., 942 F.2d 1562, 1566 (11th Cir. 1991).  Proving the objective component of the good faith defense requires the employer to demonstrate that it had a reasonable belief that its conduct conformed with the FLSA.  *See, e.g.,* Wajman, 620 F. Supp. 2d at 1358 *citing* Chao v. Tyson Foods, Inc., 568 F. Supp. 2d 1300, 1322 (N.D. Ala. 2008).  If the employer can demonstrate that it had both a subjective belief that it was compliant with the FLSA and that it also had an objectively reasonable basis for its belief, then the Court may apply the safe harbor provision and limit or deny an award of liquidate damages.  *Id. citing* Stevenson v. Orlando's Auto Specialists, Inc., 2008 WL 4371830, at *4 (M.D. Fla. 2008).  Absent a showing of both the subjective and objective elements of the good faith defense,

liquidated damages are mandatory. *Id. citing* <u>Dybach v. State of Fla. Dept. of Corrections</u>, 942 F.2d 1562, 1566-67 (11th Cir. 1991).  The burden of demonstrating good faith falls entirely upon the defendants. *See, e.g.,* <u>Panico</u>, 2013 WL 28376 *citing* <u>Rodriguez</u>, 518 F.3d 1259, 1274 (11th Cir. 2008).

Frankel does not have any documents whatsoever that can demonstrate that his actions (or Treatment Partner's actions) were in good faith or that they had reasonable grounds for believing that they were in compliance with the FLSA. *SUF ¶28.*  In fact, Frankel cannot provide anything other than "general denials," which are insufficient to overcome summary judgment on the issue of liquidated damages arising from an intentional and/or willful violation under the FLSA. *See, e.g.,* <u>Panico</u>, 2013 WL 28376 at *5.  Accordingly, Plaintiff is entitled to recover an additional $628.00 in liquidated damages as a matter of law.

### III.    CONCLUSION

Plaintiff has sufficiently demonstrated that she is entitled to recover eighty-eight (88) hours of unpaid wages jointly and severally from the corporate and individual Defendants in this lawsuit. There is no dispute of material fact as to any of the issues in this case.  The Court should, most respectfully, immediately enter judgment for Plaintiff and award Plaintiff unpaid federal minimum wages for the eighty-eight (88) hours of work she performed for the Defendants during the relevant time period and retain jurisdiction to adjudicate the issue of attorney's fees and costs.

WHEREFORE, for the reasons set forth herein, Plaintiff, LATOYA WILLIAMS, respectfully requests that this Honorable Court enter an order: (a) awarding Plaintiff summary judgment on all issues; and (b) entering any and all such further relief as is deemed just and equitable under the circumstances.

**Dated this 12th day of April, 2019.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS -
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
(954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
*jordan@jordanrichardspllc.com*
*melissa@jordanrichardspllc.com*
*jake@jordanrichardspllc.com*
*jill@jordanrichardspllc.com*
*stephanie@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing motion was served on all parties listed

below via the CM/ECF on April 12, 2019.

*/s/ Jordan Richards, Esq.*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST:

**SCOTT L. CAGAN, ESQUIRE**
Florida Bar No. 822681
*Scott.cagan@gray-robinson.com*
**THOMAS LOFFREDO, ESQUIRE**
Florida Bar No. 870323
*Tom.loffredo@gray-robinson.com*
GRAY | ROBINSON, P.A.
401 East Las Olas Blvd. Suite 1000
Fort Lauderdale, Florida 33301
Ph: (954) 761-8111
*Counsel for Defendant, Scott Frankel*

11